**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK CORPORATION,<br>　　Plaintiff,<br>　v.<br>LEXAR MEDIA INC,<br>　　Defendant. | No. C 98-01115 CRB<br><br>**ORDER** |

Now pending before the Court is SanDisk's motion to reopen the case and for a preliminary injunction. After considering the papers and evidence filed by the parties, and having had the benefit of spirited oral argument, SanDisk's motion is GRANTED in part.

The parties are competitors in the market for flash storage card products. In November 2000 the parties settled three pending cases: two pending before this Court and one in Delaware. The current motion arises out of paragraph 10 of the Settlement Agreement which provides in relevant part:

> Lexar and SanDisk agree that, for a period of seven years, in any dispute between the parties over any patent owned by either of them, the parties waive their right to injunctive relief of any type or description, including exclusion orders, in any forum, including the International Trade Commission. In the event of any change in control or ownership of the business or patents of a party by way of merger, acquisition, or otherwise, this waiver of injunctive relief, . . ., shall terminate unless the acquiring party or merged entity agrees to be bound by this provision with respect to all patents owned or controlled by it.

Settlement Agreement ¶ 10 (emphasis added). This waiver of injunctive relief is effective until November 2007.

In May 2006 Lexar filed a complaint before the International Trade Commission ("ITC") against Toshiba. The Complaint seeks an exclusion order excluding from entry into the United States all "products containing" the accused flash memory chips. ITC Complaint at p. 22. As Lexar is well aware, 70 percent of SanDisk's products are imported into the United States containing one of Toshiba's accused memory chips. SanDisk thus seeks to reopen the case and enforce the settlement by obtaining an order from the Court enjoining Lexar from seeking an exclusion order that would bar SanDisk's products from being imported into the United States. Lexar concedes that paragraph 10 of the Settlement Agreement was in effect when it filed its ITC complaint.

The Court finds that Lexar violated paragraph 10 when it filed the ITC complaint. In the complaint Lexar is seeking an order that, among other things, would exclude 70 percent of SanDisk's products from importation into the United States on the ground that the memory chips the products use infringe Lexar's patent. SanDisk does not concede that their products infringe Lexar's patent; thus, there is a dispute between the parties. That Lexar chose not to make SanDisk a respondent/defendant in the ITC matter is immaterial.

As the evidence presently before the Court establishes that the operative complaint in the ITC proceeding is seeking relief which Lexar waived, Lexar is ordered to withdraw its demand for an exclusion order that would include SanDisk's products.

The Court is not, however, enjoining Lexar or any other party from making a new demand for relief on exactly the same terms. As SanDisk conceded at oral argument, Lexar has submitted evidence which shows that subsequent to the filing of the ITC complaint the termination provisions of paragraph 10 have been literally satisfied. If SanDisk believes that it has evidence sufficient to show that paragraph 10 is still operative, and Lexar files a new demand for an exclusion order that applies to SanDisk's products, Lexar may file a new

//

//

2

motion for an injunction.

**IT IS SO ORDERED.**

Dated: July 21, 2006

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE